RACHAEL LAVI, BAR NO. 294443
rlavi@littler.com
JENNIFER A. GOLDBERG, BAR NO. 292216
jagoldberg@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

Attorneys for Defendants
CHARLEYS STEAKERY, INC. (erroneously sued as Charleys Philly Steaks); MODESTO VENTURES, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAHY MACHUCA, an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CHARLEYS PHILLY STEAKS. an Ohio corporation; MODESTO VENTURES, LLC, an Ohio Limited Liability Company; SAMMY RAMIREZ, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 2:22-CV-559 TLN <br><br> **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** <br><br> [28 U.S.C. §§ 1332, 1441, & 1446] <br><br> Complaint Filed: January 18, 2022 (Superior Court of California, County of Solano, Case No. FCS057713) |

1.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF ANAHY MACHUCA AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants CHARLEYS PHILLY STEAKS[1] ("Charleys") and MODESTO VENTURES, LLC ("Modesto") (collectively "Defendants") hereby remove the above-entitled action brought by Plaintiff Anahy Machuca ("Plaintiff") in the Superior Court of the State of California, County of Solano, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332(d) (Class Action Fairness Act of 2005 or "CAFA"), and 1446 on the following grounds:

I.  **STATEMENT OF JURISDICTION & VENUE**

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000.00, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

2. This Court has jurisdiction over this case under CAFA, 28 U.S.C. §1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not a state, state official or other governmental entity; (3) the total amount in controversy for all putative class members exceeds

---

[1] Plaintiff erroneously named Charleys Philly Steaks as a Defendant. Charleys Philly Steaks is the fictious business name used by Charleys Steakery, Inc. (Declaration of Amy Hayes (hereafter "Hayes Decl."), ¶ 3.) Defense counsel represents Charleys Steakery, Inc.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

$5,000,000.00; and, (4) there is diversity between at least one class member and at least one Defendant.

3. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which the defendant is not a citizen. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

4. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

5. This action was filed in the Superior Court for the State of California for the County of Solano. Accordingly, venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84, 1391, 1441 and 1446.

## II. PLEADINGS, PROCESSES & ORDERS

6. On January 18, 2022, an employment action was commenced in Solano County Superior Court, entitled *Anahy Machuca, an individual and on behalf of all others similarly situated, Plaintiff, v. Charleys Philly Steaks, an Ohio corporation; Modesto Ventures, LLC, an Ohio Limited Liability Company; Sammy Ramirez, an individual, Does 1 through 100, inclusive*, designated as Case No. FCS057713 (the "State Court Action"). Attached hereto as **Exhibit A** is a true and correct copy of the Summons and Complaint.

7. In the Complaint, Plaintiff, a purported former employee of Defendants, alleges causes of action against all Defendants for (1) Failure to Pay Overtime Wages (Violation of California Labor Code sections 510, 1194, and 1199), (2) Failure to Pay Minimum Wages (Violation of California Labor Code sections 218.6, 1194, 1194.2, 1197, and 1199), (3) Failure to Provide Meal Periods (Violation of California Labor Code sections 226, 226.7, and 512), (4) Failure to Provide Rest Periods (Violation of California Labor Code sections 226 and 226.7), (5) Failure to Pay All Wages Due Upon Termination (Violation of California Labor Code sections 201, 202, 203, and 218.6), (6) Failure to Provide Accurate Wage Statements (Violation of California

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Labor Code sections 226), (7) Failure to Timely Pay Wages During Employment (Violation of California Labor Code section 204, 210, and 218.6), (8) Unreimbursed Business Expenses (Violation of California Labor Code section 2802), and (9) Unfair Competition (Violation of California Business and Professions Code sections 17200, *et seq*.).

8. Plaintiff served the Summons and Complaint on Defendants February 23, 2022. Along with the Summons and Complaint, Plaintiff also delivered a Civil Case Cover Sheet, Amended Standing Order for Electronic Service of Documents in Complex Litigation, and Notice of Case Management Conference and Notice of Case Assignment. Attached as **Exhibit B** are true and correct copies of the foregoing.

9. On March 24, 2022, each of the Defendants filed an Answer in Superior Court for the County of Solano. Attached hereto as **Exhibit C** are true and correct copies of those Answers.

10. Pursuant to 28 U.S.C. section 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendants or filed or received in this action by Defendants.

11. As of the date of this Notice of Removal, and to Defendants' knowledge, no other parties have been served with the Summons and Complaint in this action.

## III. TIMELINESS OF REMOVAL

12. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of defendant receiving the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Defendants were served with the Summons and Complaint on February 23, 2022. This Notice of Removal is filed within thirty days of February 23, 2022 and is therefore timely.

## IV. DIVERSITY OF CITIZENSHIP

13. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Minimal diversity of citizenship exists here because Plaintiff and at least one Defendant are citizens of different states.

### A.  Plaintiff Is A Citizen Of California.

14.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff was at the time of the filing of this action a resident of State of California. (Compl., ¶ 2.) Accordingly, Plaintiff is a citizen of the State of California.

### B.  Minimal Diversity Exists Because Charleys Steakery, Inc. Is Not A Citizen Of California.

15.  For diversity purposes, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to its nerve center or, in other words, the location where the corporation's high level officers direct, control and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-95 (2010). Except in unusual circumstances, a corporation's corporate headquarters is in its 'nerve center.' *Id.*

16.  Charleys is, and was at the time this action was commenced, a corporation organized and formed under the laws of the State of Ohio. (*See* Hayes Decl., ¶ 3.) Charleys' corporate headquarters and executive offices, from which

Charleys' officers direct, control and coordinate the corporation's activities, are located at 2500 Farmers Dr., Suite 140, Columbus, Ohio 43235. (*Id.*) Charleys' primary administrative and financial offices, including human resources, benefits and payroll, are located in Columbus, Ohio, and a substantial majority of the corporate decisions, including operational, executive and administrative policy are all made at its corporate headquarters in Columbus, Ohio. (*Id.*) Charleys does not have any non-exempt employees in California. (*Id.*) Columbus, Ohio is therefore Charleys' principal place of business. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed.) Accordingly, Charleys is not a citizen of the State in which this action is pending and is a citizen of a different State than that of Plaintiff.

17. Plaintiff is a citizen of California and Defendant Charleys is a citizen of Ohio, therefore the minimal diversity requirement of 28 U.S.C. section 1332(d)(2)(A) is satisfied.

18. Defendants Does 1 through 100 are fictitious. The Complaint does not set forth the identity of or any allegations against these Defendants as individuals. Their citizenship should be disregarded for the purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(a); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

19. Defendant Modesto Ventures, LLC consents in the removal. Because the remaining non-moving defendants have not yet been served, they need not join or consent to Defendants' Notice of Removal. *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

## V. PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS

20. Plaintiff alleges that he was employed by Defendants[2] from around

---

[2] Plaintiff's actual employer of record at all times was Modesto Ventures, LLC. (Hayes Decl., ¶ 4.)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

February 2021 to around August 2021 in California. (Compl., ¶¶ 2, 4.) Plaintiff seeks to represent all current and former non-exempt employees of Defendants in the State of California during the period of January 18, 2018 until the time that notice of the class action is provided to the class. (Compl., ¶ 24.)

21.  Modesto employed approximately 734 current and former non-exempt employees in the State of California between January 18, 2018 and March 22, 2022. (Hayes Decl., ¶ 5.) The average hourly rate for these 734 current and former non-exempt employees is $14.30. (Hayes Decl., ¶ 6.)

## VI. DEFENDANTS ARE NOT GOVERNMENTAL ENTITIES

22.  Defendants are not states, state officials, or other governmental entities. Defendants are entities organized and formed under the laws of the State of California and Ohio.

## VII. AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.00[3]

23.  The CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). Here, Plaintiff does not allege the amount in controversy in the Complaint, but the face of the Complaint clearly demonstrates that the amount in controversy in this case exceeds $5,000,000.00.

24.  A defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal'" as stated under 28 U.S.C. section 1446(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. at 553. According to the United State Supreme Court, "[b]y design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the

---

[3] The alleged damages calculations contained herein are for purposes of removal only. Defendants deny that Plaintiff is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Federal Rules of Civil Procedure" and thus, on removal, federal courts are to accept the defendant's "amount-in-controversy allegation when not contested by the plaintiff or questioned by the court." *Id.* Accordingly, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

25. Defendants expressly deny any liability for the damages alleged in Plaintiff's Complaint. However, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on his or her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability"). The ultimate inquiry is what amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

26. By way of her Complaint, Plaintiff seeks to recover on behalf of herself and the putative Class Members "overtime wages in amounts to be determined at trial . . . plus interested and penalties thereon, attorneys' fees, and costs," "the full amount of unpaid wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit," "the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs," "the full amount of their unpaid additional pay for unprovided compliant [rest] [*sic*] periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs," "waiting time penalties, interest, and their costs of suit," "$50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violations of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee," "one hundred dollars ($100) for each initial violation [of Labor Code section 204] per Class Member, and two hundred dollars

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld," and "reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit," (Compl., ¶¶ 40, 46, 54, 62, 70, 77, 84, 92.) Plaintiff also seeks to recover on behalf of herself and the putative class members additional damages arising from this alleged conduct, including: general and special damages, unpaid wages, penalties, injunctive relief, interest, attorneys' fees, and costs. (Compl., Prayer for Relief.)

27. Additionally, Plaintiff alleges a cause of action for violation of the Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq*. (Compl., ¶¶ 93-97.) Alleging a UCL violation extends the statute of limitations of several of Plaintiff's and the putative class' wage and hour claims from three to four years from the filing of the Complaint, which in this case, extends the statute of limitations to January 18, 2018. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co*., 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

28. Finally, Plaintiff alleges that "[t]he potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable" and that "Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California." (Compl., ¶ 27a.) Plaintiff further alleges that Defendants "requir[ed] Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay," "failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage," "[did] not provide[] complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without [Plaintiff and the class members] waiving the right to take them," "fail[ed], at times, to authorize and permit Plaintiff and Class

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Members to take rest periods," "failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination," "fail[ed] to, at times, provide Plaintiff and Class Members with accurate wage statements," "employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204," "failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand [*sic*] Class Members for those losses and/or expenditures," and engaged in "unlawful business practices." (Compl., ¶¶ 39, 44, 51, 60, 66, 75, 83, 90, 94.)

29.   Between January 18, 2018 and March 22, 2022, Modesto employed approximately 734 current and former hourly, non-exempt employees in California. (Hayes Decl., ¶ 5.) Based on the available employment records, the time period Plaintiff has placed at issue, and the number of employees at issue, Plaintiff has placed approximately 22,158 workweeks in controversy, based on the hire and termination dates of the putative class members. (Hayes Decl., ¶ 7.) The average hourly rate for these 734 current and former non-exempt employees is $14.30. (Hayes Decl., ¶ 6.)

### A.   Unpaid Overtime

30.   In her first claim, Plaintiff alleges that Defendants "requir[ed] Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay" and "willfully violated provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law." (Compl., ¶ 39.) Plaintiff seeks compensation for the alleged failure to fully compensate overtime pay. (*Id*. ¶ 40.)

31.   California Labor Code section 510 requires that employers pay nonexempt employees one-and-one-half times their regular rate for all hours worked over eight in a day or 40 in a week. Additionally, nonexempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek. Employers must also pay double time for all hours worked over 12 in a day, and for all hours worked in excess of eight on the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

seventh consecutive day of work in a single workweek. Cal. Lab. Code § 510(a). Based on Plaintiff's companion UCL claim, the statutory period for recovery under California Labor Code section 510 is calculated under a four-year statute of limitations. *See* Cal. Code Civ. Proc. § 338(a) (setting a three-year period); Cal. Bus. & Prof. Code § 17208 (the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

32. As detailed above, between January 18, 2018 and March 22, 2022, Modesto employed approximately 734 current and former non-exempt employees in California who worked an estimated total of 22,158 work weeks. (Hayes Decl., ¶¶ 5, 7.) These approximately 734 employees received an average hourly pay rate of $14.30 during that time period. (*Id.*, ¶ 6.) For the purposes of removal, Defendants will assume as Plaintiff alleges that the 734 non-exempt employees were purportedly not paid overtime when they were required to work more than eight (8) hours in a day and/or forty (40) hours in a week. While Defendants deny the validity and merit of Plaintiff's overtime claim, for purposes of removal only, Defendants will conservatively assume that each of the 734 employees worked one hour of overtime a week for which they were not compensated. Consequently, the amount in controversy for Plaintiff's overtime claim is **$475,289.10.** This amount is calculated as follows: (average hourly rate of $14.30 x 1.5 = $21.45) x 22,158 work weeks = $475,289.10.

B. **Unpaid Minimum Wages**

33. In her second claim, Plaintiff and the putative class seek allegedly unpaid minimum wages and liquidated damages equal to the amount of unpaid wages pursuant to California Labor Code sections 218.6, 1194, 1194.2, and 1197. (Compl., ¶¶ 41-46). While Plaintiff does not state the amount of unpaid time she and the putative class worked each week, Plaintiff does allege that Defendants "failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members." (*Id.* ¶ 44.) Plaintiff further alleges that "Plaintiff and Class Members are

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit." (*Id.* ¶ 46.) Plaintiff does not limit this claim in any manner, for instance, stipulating that only certain shifts are at issue. Accordingly, at this juncture, each work day and/or workweek of each putative class member during the putative class period is in controversy.

34.  Conservatively assuming Plaintiff and the putative class seek only one hour of wages for off-the-clock work per workweek, at the California 2018 state minimum wage of $11.00/hour,[4] Plaintiff's minimum wage claim would equal **$243,738.00**.[5] In addition, Plaintiff could seek to recover liquidated damages. Cal. Lab. Code §§ 1194.2(a) ("In any action under Section [...] 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon"). Adding in liquidated damages, a conservative estimate of the amount in controversy for Plaintiff's minimum wage claim is **$487,476.00**,[6] exclusive of interest.

C.  **Failure to Provide Off-Duty Meal and Rest Periods**

35.  In support of and by way of her third and fourth causes of action, Plaintiff alleges that Defendants did "not provide[] complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted" and "failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods." (Compl., ¶ 51.) Plaintiff further alleges that Defendants failed "at times, to authorize and permit Plaintiff and Class Members

---

[4] Note the California minimum wage increased to $12.00 per hour in 2019, to $13.00 in 2020, to $14.00 in 2021, and to $15.00 in 2022, for employers with 26 employees or more. https://www.dir.ca.gov/dlse/faq_minimumwage.htm.
[5] ($11/hour minimum wage) x (1 hour) x (22,158 work weeks) = $243,738.00.
[6] ($11/hour minimum wage) x (1 hour) x (22,158 work weeks) x 2 = $487,476.00.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods." (Compl., ¶ 60.)

36. Pursuant to the California Court of Appeal's decision in *United Parcel Service Wage & Hour Cases,* 196 Cal. App. 4th 57, 69 (2011), should Plaintiff sustain her burden of proof, Plaintiff and the putative class members could be entitled to one hour of premium pay for a missed meal period and one hour of premium pay for a missed rest break in a single day.

### 1. Plaintiff's Meal Period Claim[7]

37. As detailed above, between January 18, 2018 and March 22, 2022, Modesto employed approximately 734 current and former non-exempt employees in California. (Hayes Decl., ¶ 5.) Based on the available employment records, the time period Plaintiff has placed at issue, and the number of employees at issue, Plaintiff has placed approximately 22,158 workweeks in controversy, based on the hire and termination dates of the putative class members. (*Id*., ¶ 7.)

38. A conservative amount in controversy for Modesto's alleged failure to provide off-duty meal periods would be approximately **$633,718.80**. Although Plaintiff alleges that Defendants had a systematic policy and practice of not providing Plaintiff and the putative class that she seeks to represents with compliant first and/or second meal periods, this number assumes that that Plaintiff and each class member missed only two meal periods per week. If we assume that Plaintiff and each class member missed three meal periods per week, the amount in controversy would be **$950,578.20**. These figures are calculated as follows:

/ / /

/ / /

/ / /

---

[7] Contrary to Plaintiff's allegations, Defendants maintain that Plaintiff's meal period claim is subject to a three-year statute of limitations.

13.

| Meal Period Violations Per Week | Weeks | Hourly Rate | Amount in Controversy |
|---|---|---|---|
| 2 | 22,158 | $14.30 | $633,718.80 |
| 3 | 22,158 | $14.30 | $950,578.20 |

2. <u>Plaintiff's Rest Period Claim</u>

39. Accepting the allegations that the putative class members missed a rest break in the same way that they missed meal breaks as calculated above, the amount in controversy for putative class members on this cause of action would equal **$633,718.80**, assuming two violations per week, and **$950,578.20** assuming three violations per week. These figures are calculated as follows:

| Rest Break Violations Per Week | Weeks | Hourly Rate | Amount in Controversy |
|---|---|---|---|
| 2 | 22,158 | $14.30 | $633,718.80 |
| 3 | 22,158 | $14.30 | $950,578.20 |

**D.    Waiting Time Penalties**

40. In her fifth cause of action, Plaintiff alleges that "Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202." (Compl., ¶66.) Plaintiff also alleges that "[p]ursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days." (Compl., ¶68.)

41. Section 203 provides for one-day's wages for each day an employee who has separated from his or her employment is not paid all wages owed, up to a total of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

14.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

30 days' of wages ("waiting time penalty"). Cal. Lab Code. § 203. California Labor Code is subject to a three-year statute of limitations. *See Pineda v. Bank of America*, 50 Cal. 4th 1389 (2010). Thus, the applicable look-back period for purposes of calculating waiting time penalties begins on January 18, 2019.

42. Based on Modesto's payroll data, an estimated 595 putative class members have separated their employment with Modesto since January 18, 2019. (Hayes Decl., ¶ 8.) Thus, the amount in controversy with respect to Plaintiff's fifth cause of action for waiting time penalties is **$2,042,040.00**, which is calculated as follows: 595 separated putative class members x $14.30 an hour x 8 hours x 30 days.

### E. Wage Statements

43. In her sixth cause of action, Plaintiff alleges that Defendants "knowing[ly], intentional[ly], and willful[ly]" "failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things." (Compl., ¶¶ 74-75.) The statutory penalty for such a violation is $50 for the first pay period, and $100 for each subsequent pay period, up to a total maximum of penalty of $4,000. Cal. Lab. Code §226(e). California Labor Code §226(e) has a one-year statute of limitations. *Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007).

44. Modesto pays its non-exempt employees on a biweekly basis. (Hayes Decl., ¶ 5.) Therefore, there are 26 pay periods per year. During the one-year statute of limitations period from January 18, 2021 to March 22, 2022, Modesto employed approximately 251 putative class members. (*Id.*, ¶ 9.) These 251 putative class members worked a total of 3,543 pay periods. (*Id.*)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

15.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

45. Based on amount of penalties that Plaintiff would be entitled to recover under section 226 of the California Labor Code, the fact that employees are paid on a biweekly basis, and that the one-year statute of limitations would permit Plaintiff to recover penalties for the time period commencing January 18, 2021, the amount in controversy for this claim is **$341,750.00**. The amount is calculated as follows: (251 employees x $50.00 for the first penalty = $12,550.00) + (3,292 remaining pay periods [3,543 total – 251 initial violations] x $100 for each subsequent violation = $329,200.00) = $341,750.00.[8]

### F.   Wages Not Timely Paid During Employment

46. In her seventh claim, Plaintiff seeks statutory penalties pursuant to California Labor Code section 210 based on Defendants' alleged intentional and willful failure to pay Plaintiff and the other Class Members all wages due to them during their employment as required by California Labor Code section 204. (Compl., ¶¶ 83-85). Labor Code section 210 assesses a $100 penalty for each failure to pay each employee for the first violation, and a $200 penalty for each failure to pay each employee for subsequent violation, plus 25% of the amount unlawfully withheld. The statute of limitations for Plaintiff's Labor Code section 210 claim is one year. Cal. Code Civ. Proc. § 340. During the one-year statute of limitations period from January 18, 2021 to March 22, 2022, Modesto employed approximately 251 putative class members. (Hayes Decl., ¶ 9.) These 251 putative class members worked a total of 3,543 pay periods. (*Id*.) Assuming Plaintiff and the class members are entitled to recover for violations for each pay period (*i.e.*, every two weeks) from January 18, 2021 to March 22, 2022, Plaintiff's claim for untimely payment of wages during employment is **$683,500.00**. This is amount calculated as follows: ($100 x 251 employees for the first violation = $25,100) + ($200 x 3,292 pay periods [3,543 minus 251 pay periods] = $658,400) = $683,500.00.

---

[8] While these penalties are capped at $4,000 per person, mathematically, no employee will have hit the $4,000 cap between January 18, 2021 and present.

47. The aggregate amount in controversy exceeds the $5,000,000.00 jurisdictional minimum:

| Plaintiff's Claims | Amount in Controversy |
|---|---|
| Unpaid Overtime | $475,289.10 |
| Unpaid Minimum Wages | $487,476.00 |
| Meal Break Premiums | $633,718.80 to $950,578.20 |
| Rest Break Premiums | $633,718.80 to $950,578.20 |
| Waiting Time Penalties | $2,042,040.00 |
| Inaccurate Wage Statement | $341,750.00 |
| Unpaid Wages During Employment | $683,500.00 |
| **TOTAL** (exclusive of any potential damages for Plaintiff's claims for: (1) Failure to Reimburse Business Expenses and (2) attorneys' fees) | **$5,297,492.70 to $5,931,211.50** |

48. Indeed, were the damages exposure extended through trial, the totals would be even higher. *Mejia v. DHL Express (USA), Inc.*, 2015 U.S. Dist. LEXIS 67212, *6, 2015 WL 2452755 (C.D. Cal. May 21, 2015) (where the Complaint does not cut off class allegations as of the date the complaint was filed, including post-filing time in removal computations is consistent with the allegations in the complaint and permissible).

49. Moreover, Plaintiff seeks attorneys' fees and costs in her Complaint. (Compl., Prayer for Relief.) It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (the amount in controversy includes "attorneys' fees awarded under fee-shifting statutes or contract."); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006);

17.
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts).  The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the "bench mark" percentage for the fee award should be 25 percent.") (citation omitted.); *Lo v. Oxnard Euro. Motors, LLC*, 2012 US. Dist. LEXIS 73983 at *9 ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.")

50. Removal of this action is therefore proper as the aggregate value of Plaintiff's class causes of action for unpaid overtime and minimum wage, unpaid meal and rest periods premiums, wages not timely paid during employment or at termination, non-compliant wage statements, unreimbursed business expenses, and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2).

## VIII. NOTICE TO PLAINTIFF AND STATE COURT

51. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be served by the undersigned on Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Solano.

Dated: March 25, 2022

   /s/ *Jennifer A. Goldberg*
Rachael Lavi
Jennifer Goldberg
LITTLER MENDELSON, P.C.
Attorneys for Defendants
CHARLEYS STEAKERY, INC.
(erroneously sued as Charleys Philly Steaks); MODESTO VENTURES, LLC

4890-5445-1479.2 / 085111-1041

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

18.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT